UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FRANKIE INMAN-ARBO,       )
                               )
           Plaintiff      )
v.                           )     1:25-cv-00086-LEW
                               )
CHRISTOPHER ALMY,      )
                               )
           Defendant    )

**RECOMMENDED DECISION TO DISMISS**
**BASED ON PLAINTIFF'S FAILURE TO PROSECUTE**

On March 13, 2025, Plaintiff filed a complaint, and on April 16, 2025, Plaintiff filed a Motion to Proceed Without Prepayment of Fees and Costs. (Complaint, ECF No. 1; Motion, ECF No. 8.) The Court granted the motion on April 16, 2025. (Order, ECF No. 9.) In its order, the Court directed Plaintiff to notify the Court by May 7, 2025, of his intent to proceed with this action and to acknowledge that he understands his obligation to pay the complete filing fee as the requisite funds become available to him. Through the order, the Court informed Plaintiff that a failure to comply with the order could result in the dismissal of the complaint.

When Plaintiff failed to file a notice of intent as directed, on May 15, 2025, the Court issued an Order to Show Cause. (Order, ECF No. 10.) In the Order, the Court ordered Plaintiff to show cause in writing by May 29, 2025, as to why he failed to comply with the Court's order requiring that he notify the Court of his intent to proceed with this action. The Court advised Plaintiff that if he failed to show cause, the Court could dismiss the complaint.

Because Plaintiff has not responded to the Order to Show Cause and has not notified the Court of his intent to proceed, I recommend the Court dismiss the matter.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).  Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.  Here, Plaintiff has (a) failed to comply with the Court's April 16, 2025, Order that required him to notify the Court of his intent to proceed, and (b) failed to show cause in accordance with the Court's Order to Show Cause.  Plaintiff has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim. Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of June, 2025.